IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSE WILLAN PARDO CARRION,** | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-25-4261 |
| **NIKITA BAKER,** *Acting Field Office Director*, *et al.*, | * | |
| | * | |
| Respondents. | | |

## ORDER

Jose Willan Pardo Carrion, a citizen of Ecuador, filed this petition for a writ of habeas corpus on December 24, 2025. ECF 1. Pardo alleges that he entered the United States without inspection in or around May 2023. He further alleges that on December 23, 2025, he was apprehended by Immigration and Customs Enforcement ("ICE") while he was driving to work. He filed this petition while detained at the ICE holding facility in Baltimore.

According to ICE's detainee locator, Pardo is currently being detained without bond at the Florida Soft Side South Detention Center, also known as "Alligator Alcatraz." The government considers him to be detained pursuant to 8 U.S.C. § 1225(b)(2)(A), a statute that does not allow those detained under its authority to receive bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Pardo argues that his detention is governed by 8 U.S.C. § 1226(a), which permits those detained under its authority to receive bond hearings. He seeks, among other things, an order requiring the respondents to release him or provide him with a bond hearing within seven days.

The U.S. District Court for the Central District of California recently has certified a nationwide class defined as "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), §

1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *See* ECF 82, at 15, in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Nov. 25, 2025). The parties agree that Pardo meets the class definition. On December 18, 2025, the *Maldonado Bautista* Court entered a final judgment declaring that members of the class "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and that they are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." ECF 94, at 2, in *Maldonado Bautista*. This Court concurs in the *Maldonado Bautista* Court's decision.

Pursuant to the final judgment in *Maldonado Bautista*, Pardo is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2). Accordingly, it is this 13th day of January, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

1) Pardo's petition for a writ of habeas corpus is GRANTED on count one, in that, within 5 days of the date of this Order, he shall receive an initial determination by an immigration officer regarding bond or detention;

2) If Pardo is not released on bond by the immigration officer, he is to receive a bond hearing before an immigration judge within 7 days of this Order;

3) If Pardo is not provided both forms of process within the time frames ordered above, the respondents SHALL RELEASE Pardo from custody;

4) The parties SHALL FILE status updates with the Court as soon as possible following the proceedings before an immigration officer and an immigration judge; and

3

5) The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____
Deborah L. Boardman
United States District Judge

3